JS 44 (Rev. 09/11)

# CIVIL COVER SHEET

The JS 44 civil coversheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Philadelphia Indemnity Insurance Company a/s/o Bancroft Neurohealth

## DEFENDANTS
Broan NuTone, LLC

**(b)** County of Residence of First Listed Plaintiff  Montgomery
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Washington
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, Telephone Number, and Email Address)*
Jeffrey M. Zielinski, Esquire (856-665-8500) jzielinski@nldhlaw.com
Nelson Levine de Luca & Hamilton LLC
535 Route 38 East, Suite 501, Cherry Hill, NJ 08002

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☒ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Med. Malpractice / ☒ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | | |
| | ☐ 448 Education / ☐ 555 Prison Condition / ☐ 560 Civil Detainee - Conditions of Confinement | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1332(a)(1)

Brief description of cause:
Strict product liability

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $** 75,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*

JUDGE _____  DOCKET NUMBER _____

DATE: 07/17/2013

SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

JS 44 Reverse (Rev. 09/11)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.** **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction**. The basis of jurisdiction is set forth under Rule 8(a), F.R.C P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdicti on arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit**. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.** **Origin**. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.** **Cause of Action**. Report the civil statute directly related to the cause of action and give a brief description of the cause **Do not cite jurisdictional statutes unless diversity**.     Example:     U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint**. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases**. This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature**. Date and sign the civil cover sheet.

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY – NEWARK

PHILADELPHIA INDEMNITY INSURANCE
COMPANY A/S/O BANCROFT
NEUROHEALTH
ONE BALA PLAZA, SUITE 100
BALA CYNWYD, PA 19004

   Plaintiff(s)
 v.

BROAN NUTONE, LLC
926 W. STATE STREET
HARTFORD, WI 53027

   Defendant(s)

CIVIL ACTION NO.:

## DISCLOSURE STATEMENT FORM

Please check on box:

☐   The nongovernmental corporate party, _____, in the above listed civil action does not have any parent corporation and publicly held corporation that owns 10% or more of its stock.

X   The nongovernmental corporate party, Philadelphia Indemnity Insurance Company, in the above listed civil action has the following parent corporation(s) and publicly held corporation that owns 10% or more of its stock.

  Tokio Marine Group

| 07/17/2013 | /s/ Jeffrey M. Zielinski |
|---|---|
| Date | Signature |
| | Counsel for: Plaintiff |

**Federal Rule of Civil Procedure 7.1 Disclosure Statement**

 (a) WHO MUST FILE: NONGOVERNMENTAL CORPORATE PARTY. A nongovernmental corporate party to an action or proceeding in a district court must file two copies of a statement that identifies any parent corporation and any publicly held corporation that owns 10% or more of its stock or states that there is no such corporation.

(b) TIME FOR FILING; SUPPLEMENTAL FILING.  A party must:

    (1)    file the Rule 7.1(a) statement with its first appearance, pleading, petition, motion, response, or other request addressed to the court, and

    (2)    promptly file a supplemental statement upon any change in the information that the statement requires.

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

District of New Jersey

| | | |
|---|---|---|
| PHILADELPHIA INDEMNITY INSURANCE COMPANY A/S/O BANCROFT NEUROHEALTH *Plaintiff* v. BROAN NUTONE, LLC *Defendant* | ) ) ) ) ) ) ) ) | Civil Action No. |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*  BROAN NUTONE, LLC
926 W. STATE STREET
HARTFORD, WI 53027

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Jeffrey M. Zielinski, Esquire
Nelson Levine de Luca & Hamilton
535 Route 38 East, Suite 501
Cherry Hill, NJ  08002

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____    _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

*Server's signature*

*Printed name and title*

*Server's address*

Additional information regarding attempted service, etc:

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY – NEWARK

| | |
|---|---|
| PHILADELPHIA INDEMNITY INSURANCE COMPANY A/S/O BANCROFT NEUROHEALTH<br>ONE BALA PLAZA, SUITE 100<br>BALA CYNWYD, PA 19004<br><br>        Plaintiff(s)<br>  v.<br><br>BROAN NUTONE, LLC<br>926 W. STATE STREET<br>HARTFORD, WI 53027<br><br>        Defendant(s) | CIVIL ACTION NO.:<br><br>JURY DEMAND<br><u>**ENDORSED HEREON**</u> |

## COMPLAINT

Plaintiff, Philadelphia Indemnity Insurance Company a/s/o Bancroft Neurohealth, by and through its undersigned counsel, hereby demands judgment against Defendant, and complains against them as follows:

### PARTIES

1. The Plaintiff, Philadelphia Indemnity Insurance Company a/s/o Bancroft Neurohealth (hereinafter "Plaintiff" or "PIIC") is a commercial entity organized and existing under the laws of the Commonwealth of Pennsylvania, with a principal place of business located at One Bala Plaza, Suite 100, Bala Cynwyd, PA 19004, which, at all times relevant hereto, was duly authorized to engage in the business of insurance in the State of New Jersey.

2. At all times relevant hereto, PIIC provided property insurance to Bancroft Neurohealth (hereinafter "Bancroft" or "Subrogor") in connection with its property located at 425 Kings Highway East, Haddonfield, NJ 08033 (hereinafter the "subject property"), under a policy of insurance that was in full force and effect on all relevant dates, and at all relevant times.

3. In the wake of the incident described below, as a result of a claim made on said policy (which was duly paid pursuant thereto), PIIC became subrogated to certain recovery rights and interests of Bancroft for monies paid thereunder, including the claims giving rise to the within cause of action.

4. Defendant, Broan NuTone, LLC (hereinafter "Broan" or "Defendant"), is a corporation existing under the laws of the State of Delaware, with its principal place of business located at 926 W. State Street, Hartford, WI 53027, which at all times relevant hereto, was duly authorized to engage in business in the State of New Jersey.

5. At all times relevant hereto, Defendant, upon information and belief, was in the business of, inter alia, designing, assembling, manufacturing, selling, testing, distributing and/or marketing exhaust fans, including the bathroom exhaust fan at issue in this case (hereinafter "the product").

## JURISDICTION AND VENUE

6. Jurisdiction is based on 28 U.S.C. §1332(a)(1) as this action involves a controversy between citizens of different states. Moreover, the amount in controversy exceeds the jurisdictional threshold of this Court (exclusive of interest and costs).

7. Venue is proper in this district based on 28 U.S.C. §1391(a) in that the events giving rise to this claim occurred within this district.

## STATEMENT OF FACTS

8. On or about April 3, 2013, a fire erupted at the subject property causing extensive damage.

9. As a result of the incident, Plaintiff sustained damage to its real and personal property, as well as the imposition of additional expenses and hardship besides, in an amount well in excess of $75,000.00.

10. The incident and consequent damages were directly and proximately caused by Defendant, as is further and more fully described below.

## COUNT I – NEGLIGENCE

11. Plaintiff incorporates by reference the preceding averments as though set forth at length herein.

12. The aforementioned damages were the direct and proximate result of the negligence and carelessness of Defendant, by and through employees, agents, technicians, vendors, subcontractors, and/or servants, more specifically described as follows:

    a. failing to exercise reasonable care in the following manner:

        i. failing to design, assemble, manufacture, sell, test, distribute and/or market a properly functioning product;

        ii. failing to properly inspect and/or test the product and/or its component parts;

        iii. failing to properly determine that the product and/or its component parts were not in compliance with applicable standards;

        iv. failing to provide safe and adequate warnings or instructions with the product; and/or

        v. designing, assembling, manufacturing, selling, testing, distributing and/or marketing the product when Defendant knew or should have known that the product and/or its component parts would be inadequate for the reasons for which it was purchased.

    b. failing to adequately instruct, supervise and/or train servants, employees and agents as to the proper ways to perform the tasks set forth in subparagraph (a);

  c. failing to adequately warn Plaintiff and others of the dangers and hazardous conditions resulting from the conduct set forth in subparagraph (a) above;

  d. failing to provide, establish, and/or follow proper and adequate controls so as to ensure the proper performance of the tasks set forth in subparagraph (a) above;

  e. failing to properly monitor the work of all agents and/or employees during the installation of the product to ensure compliance with applicable safety procedures;

  f. failing to retain competent, qualified and/or able agents, employees or servants to perform the tasks set forth in subparagraph (a) above;

  g. failing to perform the tasks set forth in subparagraph (a) above in conformity with the prevailing industry and governmental specifications and standards; and/or

  h. violating the standards of care prescribed by statutes, rules, regulations, ordinances, codes, and/or industry customs applicable to this action.

13. As a direct and proximate result of such conduct, Plaintiff sustained and incurred damage to its real and personal property, as well as the imposition of additional expenses and hardship in an amount well in excess of $75,000.00.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendant in an amount well in excess of $75,000.00, plus costs incident to this suit, delay damages, attorney fees, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

### COUNT II – BREACH of WARRANTIES

14. Plaintiff incorporates by reference the preceding averments as though set forth at length herein.

15. In conjunction with the sale and distribution of the product, Defendant expressly and implicitly warranted that it would be free from defects, merchantable and safe to use for its general and intended purposes.

16. Based upon the above, Defendant breached these implied and/or statutory warranties, as well as express warranties provided with the product.

17. As a direct and proximate result of such breach(es), Plaintiff sustained and incurred damage to its real and personal property, as well as the imposition of additional expenses and hardship, in an amount well in excess of $75,000.00.

18. Plaintiff had and has performed all conditions precedent to recover based upon such breaches.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendant in an amount well in excess of $75,000.00, plus costs incident to this suit, delay damages, attorney fees, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

**COUNT III – STRICT PRODUCTS LIABILITY (N.J.S.A. 2A:58C ET SEQ.)**

19. Plaintiff incorporates by reference the preceding averments as though set forth at length herein.

20. Defendant designed, assembled, manufactured, sold, tested, distributed and/or marketed the subject product in an unreasonably dangerous and defective condition.

21. At the time the subject product was sold, it was in the same dangerously defective condition in which it left Defendant's possession and/or control.

22. The fire that occurred in the subject product and the subsequent damage to real and personal property, was caused by and resulted from the negligent, carelessness, reckless and grossly negligent acts and/or omissions of Defendant, acting by and through its respective agents, servants and/or employees in the course and scope of their employment, through which Defendant is strictly liable under N.J.S.A. §2A:58C-1 et seq. by reason of:

    a. designing, assembling, manufacturing, selling, testing, distributing and/or marketing a defective product, the subject bathroom exhaust fan, which

        Defendant knew or should have reasonably known would subject PIIC's insured to an unreasonable risk of harm;

b. designing, assembling, manufacturing, selling, testing, distributing and/or marketing a defective product, the subject bathroom exhaust fan, which Defendant knew or should have reasonably known would endanger the real and personal property of PIIC's insured;

c. failing to select safe and adequate components of the subject bathroom exhaust fan;

d. failing to properly and adequately warn of the limitations of the subject bathroom exhaust fan;

e. failing to provide adequate and sufficient warnings with respect to the subject bathroom exhaust fan which thereby rendered the subject bathroom exhaust fan defective and unreasonably dangerous;

f. failing to distribute and/or supply a product that was safe of its reasonably foreseeable use and intended purpose;

g. designing, assembling, manufacturing, selling, testing, distributing and/or marketing a defective product, the subject bathroom exhaust fan, that was not reasonably fit, suitable or safe for its intended purpose;

h. failing to properly test and inspect the subject bathroom exhaust fan at the time it left the control of Defendant;

i. failing to manufacture, assemble and/or design the subject bathroom exhaust fan in a manner sufficient to prevent fire;

j. failing to comply with all local, state and federal codes, regulations, ordinances, standards, recommendations and/or requirements;

k. selling, distributing and/or marketing a defective bathroom exhaust fan; and

l. otherwise failing to act reasonably under the circumstances.

23. As a direct and proximate result of Defendant's aforementioned acts and/or omissions for which Defendant is strictly liable, PIIC's insured suffered damage to its real and personal property, as well as the imposition of additional expenses and hardship, in an amount well in excess of $75,000.00.

WHEREFORE, Plaintiff respectfully requests judgment against Defendant in an amount well in excess of $75,000.00, plus costs incident to this suit, delay damages, attorney fees, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

**NELSON LEVINE de LUCA & HAMILTON, LLC**

BY:   /s/JMZ 03503
JEFFREY M. ZIELINSKI
ATTORNEYS FOR PLAINTIFF,
PHILADELPHIA INDEMNITY INSURANCE
COMPANY A/S/O BANCROFT
NEUROHEALTH
Attorney I.D. No. 03503-2003
518 Township Line Road, Suite 300
Blue Bell, PA 19422
(215) 358-5100; (215) 358-5103
jzielinski@nldhlaw.com

Dated: July 17, 2013